COMMISSIONER OF INSURANCE *v.* LLOYDS INSURANCE COMPANY OF AMERICA, INC.

1. CORPORATIONS—CONSOLIDATION—INSOLVENCY—FOREIGN CORPORA-TIONS—ANCILLARY RECEIVERS—LIENS.

Michigan creditors of a Michigan corporation who retained their equitable lien upon the assets of that corporation within this State when it and two others were consolidated to form a new New York corporation were not deprived of consideration of the right to protection of such lien by fact that creditors of the Michigan corporation as of the time of consolidation filed

claims with the ancillary receiver appointed in this State upon
insolvency of the consolidated corporation.

2. SAME—FOREIGN LIQUIDATORS—ANCILLARY RECEIVERS—PROTEC-
TION OF LOCAL CREDITORS.

Refusal to grant petition of New York liquidator of insolvent
New York corporation which had been formed by consolidation
of one Michigan and two other corporations for order requir-
ing the Michigan ancillary receiver to turn over the assets
under his control to the New York liquidator without affording
any protection to the Michigan creditors of the Michigan cor-
poration who had retained an equitable lien upon its assets then
in Michigan as of the time of the consolidation *held,* proper.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted June 13, 1940. (Docket No. 56, Calendar No.
41,071.) Decided October 7, 1940.

Bill by Charles E. Gauss, Commissioner of Insur-
ance for the State of Michigan, against Lloyds In-
surance Company of America, Inc., a New York
corporation, for a receiver. On petition of the New
York liquidator for transfer of assets to it. Objec-
tions by B. C. Schram, receiver of First National
Bank—Detroit. From order denying transfer, the
liquidator appeals. Affirmed.

*Alfred C. Bennett* and *Plummer B. Snyder*
(*Kelley, Eger & Kelley,* of counsel), for appellant.

*Robert S. Marx, Carl Runge,* and *Thomas L. Con-
lan,* for objector.

WIEST, J. In November, 1932, Lloyds Insurance
Company of America became a corporation under
the laws of the State of New York by merger and
consolidation of Lloyds Casualty Company of New
York, Constitution Indemnity Company of Phila-
delphia and Detroit Fidelity & Surety Company of
Michigan. All the assets of the three companies
were vested in Lloyds Insurance Company of Amer-

ica. The only consideration paid was issuance of stock in the new company to the stockholders of the old companies, and the assumption by the new company of all liabilities of the old companies. Lloyds Insurance Company of America was authorized to and did transact business in this State. In August, 1933, Lloyds Insurance Company of America was adjudged insolvent by a New York court which appointed a liquidating receiver. An ancillary receiver was also appointed by the circuit court for the county of Ingham. The New York receiver petitioned the circuit court for the county of Ingham to authorize the Michigan receiver to transfer the assets in this State to the New York jurisdiction. The court so ordered and, in *Commissioner of Insurance v. Lloyds Insurance Company of America, Inc.*, 287 Mich. 599, we held the court was in error in authorizing the transfer without first determining that the Michigan creditors would receive adequate protection in the foreign liquidation, and remanded the matter for further proceedings.

Thereafter the New York liquidating receiver filed a petition in the circuit court for the county of Ingham praying for the transfer of the assets in the control of the Michigan receiver to the liquidating receiver in New York.

The circuit judge in denying the petition stated:

"The practical situation is, in view of the questions that have been raised, that it cannot be said that the Michigan creditors will necessarily benefit by a transfer of the assets to the New York liquidator. In view of the uncertainty in this regard I am still of the opinion that an order of the nature sought cannot be made in conformity with the decision of the Supreme Court. An order will therefore enter denying the prayer of the petition."

Petitioner, by appeal, asks that the order denying the transfer be vacated and the matter remanded for further proceedings and the making of an order allowing such transfer, with conditions calculated to insure to Michigan creditors fair treatment and equality with all other creditors of the insolvent in the distribution to be made in the New York jurisdiction.

This ignores the right of Michigan creditors of the Detroit Fidelity & Surety Company, as of the date of the merger, to look to the assets of that company then in Michigan regardless of the consolidation.

In the merger and consolidation creating Lloyds Insurance Company of America, the Michigan creditors of the Detroit Fidelity & Surety Company retained their equitable lien upon the assets of the Detroit Fidelity & Surety Company as of the time of the consolidation. The fact that creditors of the Detroit Fidelity & Surety Company, existing at the time of the consolidation, filed claims with the Michigan receiver does not bar consideration of right to protection under such equitable lien.

The circuit judge was right in holding that the petition did not set forth adequate protection of the Michigan creditors under their right as above stated.

Any order transferring assets of the Detroit Fidelity & Surety Company, existing at the time of the merger, must require and be accompanied by adequate recognition of such rights. We need not at this time state the particulars of such an order and, therefore, remand the proceedings to the circuit court for the county of Ingham for further action upon subsequent petition by the New York receiver in which there must appear acknowledgment of the rights of the Michigan creditors and their

protection by court order in the New York jurisdiction.

The order appealed from is affirmed, with costs to the Michigan receiver.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.